IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUNDANCE SERVICES, INC.,

    Plaintiff,

v.                                                                              Civ. No. 21-270 WJ/GBW

ADMIRAL INSURANCE COMPANY,

    Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO DEEM ADMITTED REQUESTS FOR ADMISSIONS, MOTION TO COMPEL, AND MOTION FOR SANCTIONS

THIS MATTER comes before the Court on Plaintiff's Motion to Deem Admitted Requests for Admissions (*doc. 25*); Motion to Compel (*doc. 28*); and Motion for Sanctions (*doc. 31*) ("the Motions"). Having reviewed the Motions and the attendant briefing (*docs. 27, 32, 34, 35, 36, 43*), and having conducted a hearing on the Motions on January 31, 2022, *see doc. 45*, the Court will DENY the Motions for the reasons stated below.

**I.**      **BACKGROUND**

This case arises from an insurance dispute between Plaintiff Sundance Services, Inc., and Defendant Admiral Insurance Company. Plaintiff, which "provides oilfield waste disposal services to the Permian Basin," doc. 1 at ¶ 8, purchased an insurance policy from Defendant that included three coverage parts titled "Commercial General Liability, Contractors Pollution Liability, and Environmental Impairment Liability," and a coverage period from December 31, 2012, to December 31, 2015, *doc. 1* at ¶ 18; *doc. 9* at

¶ 9. Plaintiff alleges that it submitted a claim to Defendant on March 2, 2016, for cleanup costs associated with accidental spills of waste materials at its Parabo disposal facility in Eunice, New Mexico. *Doc. 1* at ¶¶ 8, 11, 12, 20. Defendant denied Plaintiff's claim on April 14, 2016. *Doc. 1* at ¶ 21; *doc. 9* at ¶ 10. Plaintiff filed its Complaint on March 25, 2021, bringing claims for breach of contract; breach of the duty of good faith and fair dealing; violations of the New Mexico Insurance Practices Act, N.M. Stat. Ann. § 59A-16-20; and violations of the New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. §§ 57-12-1 *et seq.*, based on Defendant's denial of its claim. *Doc. 1*.

Plaintiff served discovery requests on Defendant on September 28, 2021. *See doc. 22.* On October 28, 2021, the day Defendant's responses were due, Defendant's counsel contacted Plaintiff's counsel via email to request an extension through November 12, 2021. *Doc. 25* at 1; *doc. 27* at 1; *see also doc. 27-1* at 2. The parties agree that Plaintiff's counsel's email in response constituted an agreement to extend Defendant's discovery deadline, but they disagree about the length of the extension established by its terms. *See doc. 25* at 1; *doc. 27* at 2. On November 15, 2021, Plaintiff's counsel informed Defense counsel that Plaintiff presumed that Defendant admitted all of Plaintiff's requests for admissions (RFA) because it did not respond to them by November 12, 2021. *Doc. 25-3* at 1. Plaintiff also requested that Defendant immediately submit its discovery responses without denying any RFAs. *Id.*

Defendant submitted its discovery answers two days later on November 17, 2021. *See doc. 25-6*.[1] Its answers included denials of or objections to some of Plaintiff's RFAs, *see doc. 25-7; doc. 28-1*, so Plaintiff filed the instant Motion to Deem Admitted Requests for Admissions two days later, *see doc. 25*. Defendant responded in opposition on December 3, 2021. *See doc. 27*. Briefing was complete on this Motion on December 20, 2021, *see doc. 33*, with the filing of Plaintiff's reply, *see doc. 32*.

Meanwhile, Defendant also produced documents responsive to Plaintiff's requests for production on November 18, 2021. *See doc. 28* at 1-2. But it redacted or withheld documents on the grounds of attorney-client privilege, work product doctrine, relevance, and the protections for materials prepared in advance of mediation. *See doc. 28-1; doc. 28-3*. Defendant did not produce a privilege log concurrently with its document production, and Plaintiff's counsel requested one from defense counsel on November 19, 2021. *Doc. 28-2*. As the settlement conference set by the Court for December 7, 2021, approached, the parties disputed whether the Defendant's objections and unredacted production amount to a functional privilege log. *See doc. 28* at 3. Defendant pledged to provide a formal privilege log to resolve the dispute. *See id.* It did not do so prior to the settlement conference, *see doc. 28* at 3, so during the conference Plaintiff filed the instant Motion to Compel, requesting that the Court order Defendant

---

[1] Defendant did not file a certificate of service for any of its responses to Plaintiff's discovery requests as required by Local Rule 26.2. The Court urges Defendant to comply with this Local Rule moving forward.

3

to produce a privilege log and respond to RFPs 2 and 6, *doc. 34* at 1; *see generally doc. 28*. Defendant provided a privilege log and responded to this Motion on December 22, 2021. *See doc. 34; doc. 34-1*. Briefing was complete on this Motion on January 5, 2022, *see doc. 37*, with the filing of Plaintiff's reply, *see doc. 36*.

Finally, after the Court vacated the settlement conference (for reasons other than Defendant's failure to produce a privilege log), *see doc. 29*, Plaintiff filed the instant Motion for Sanctions, alleging that Defendant had participated in the settlement in bad faith by not producing certain documents before the conference, *see doc. 31*. Defendant responded in opposition on December 30, 2021. *See doc. 35*. Briefing was complete on this Motion on January 18, 2022, *see doc. 44*, with the filing of Plaintiff's reply, *see doc. 43*.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 36(a) provides that parties may serve on other parties "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). Rule 36 establishes a 30-day deadline for timely responses to RFAs but provides that "a shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3). If a party fails to timely respond to an RFA, the matter is deemed admitted. *Id.*

Federal Rule of Civil Procedure 37(a) allows a party seeking discovery to move the Court to compel a response after conferring in good faith with the responding party. Fed. R. Civ. P. 37(a)(1), (3)(B). Grounds to compel include failing to produce a document requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). Responses that are evasive or incomplete constitute a failure to respond. Fed. R. Civ. P. 37(a)(4). If the Court grants the motion, it must also require the nonmovant to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the nonmovant's objection was substantially justified, circumstances make an award unjust, or the movant did not attempt in good faith to resolve the discovery dispute without judicial intervention. Fed. R. Civ. P. 37(a)(5)(A). If the Court denies the motion, it must award expenses to the nonmovant, unless "the motion was substantially justified[,] or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Federal Rule of Civil Procedure 16 authorizes district courts to impose sanctions when a party is "substantially unprepared to participate—or does not participate in good faith—in [a settlement conference]." Fed. R. Civ. P. 16(a), (f); *Smith v. Nw. Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997). Sanctions authorized under Rule 16(f) include "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii),"[2]

---

[2] Those sanctions are:

5

and the assessment of the movant's reasonable expenses against the noncomplying party.  Fed. R. Civ. P. 16(f).

### III. ANALYSIS

### A. Motion to Deem Admitted Requests for Admissions

The Court will deny Plaintiff's Motion to Deem Admitted Requests for Admissions (*doc. 25*) because Plaintiff has not borne its burden to show that Defendant's responses to Plaintiff's RFAs were untimely.  As stated above, Rule 36(a)(3) provides that a matter is admitted if a party to whom a RFA is directed fails to respond within 30 days, or within the time frame otherwise agreed upon by the parties or ordered by the Court.  Fed. R. Civ. P. 36(a)(3).  The parties do not dispute that they agreed to an extension of Defendant's deadline on October 28, 2021, so Defendant cannot be determined to have admitted Plaintiff's RFAs on that date based on Rule 36's standard 30-day deadline.  However, the parties dispute the length of the extension they reached on October 28, 2021, which complicates the Court's task of determining whether

---

      **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
      **(iii)** striking pleadings in whole or in part;
      **(iv)** staying further proceedings until the order is obeyed;
      **(v)** dismissing the action or proceeding in whole or in part;
      **(vi)** rendering a default judgment against the disobedient party; [and]
      **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
Fed. R. Civ. P.  37(b)(2)(A).

Defendant filed its responses within "[a] … longer time … stipulated to under Rule 29." *Id.*

The parties' email communications concerning the extension at issue proceeded as follows. Defendant's initial request for an extension sought a hard deadline of November 12, 2022, for its discovery responses. *Doc. 27-1* at 2. Plaintiff's counsel's response, in relevant part, stated:

> In general, I am not opposed to an extension, but we are also awaiting dates from you for the two depositions we have requested. We would like the discovery responses prior to taking the depositions. Our settlement conference is set for 12/7.
>
> If you can get us the responses and dates for the depositions so that this can be done prior to the settlement conference, we can agree to an extension.

*Id.* at 1. Defendant's counsel responded: "Thanks. That works. We will provide the discovery responses before the depositions and the (sic) give depositions availability dates so that they can occur before the settlement conference." *Id.* Based on those communications, Plaintiff argues that the parties agreed to an extension through November 12, 2021, *see doc. 25* at 4, and Defendant argues that, instead of a hard deadline for the extension, the parties agreed to a conditional extension dependent upon the timing of the depositions and subject to the constraint that the depositions had to take place before the settlement conference, *doc. 27* at 2-3.

The Court finds that the record does not unambiguously resolve the question of whether Defendant's discovery responses deadline passed on November 12, 2021—or

some other date prior to November 17, 2021, the day it submitted its discovery responses—because both sides' interpretations of the extension at issue are at least plausible. Because the parties agreed to postpone Defendant's discovery deadline but Plaintiff fails to convince the Court that an "undisputed, unambiguous agreement to proceed [with a different deadline]" under Rule 29 exists, *see VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, No. CIV.A. 98-2138-KHV, 1999 WL 386949, at *10 (D. Kan. June 8, 1999), the Court will not attempt to enforce the parties' informal agreement, *see id.* (finding that a movant for discovery sanctions did not carry its burden of showing sanctionable conduct where the parties' informal agreement under Rule 29 about the deadline for the non-movant to designate a Rule 30(b)(6) deponent was ambiguous); *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 478 (S.D. Ohio 2014) (finding that the movant did not bear its burden of persuading the court to enforce an alleged stipulation where both parties' interpretations of the agreement were plausible). On account of Plaintiff's failure to bear its burden of showing that the parties' agreed extension did not reach until November 17, 2021, the Court finds that Defendant cannot be deemed to have admitted the matters in Plaintiff's RFAs based on its failure to serve discovery responses by that date.

### B. Motion to Compel

The Court will deny Plaintiff's Motion to Compel (*doc. 28*) due to Plaintiff's failure to adequately meet and confer with Defendant. Federal Rule of Civil Procedure

37(a)(1) requires a party seeking discovery to meet and confer in good faith with a responding party prior to seeking judicial intervention. Fed. R. Civ. P. 37(a)(1). Local Rule 7.1(a) contains an analogous good faith requirement, *see Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 723 (D.N.M. 2017), and provides for summary denial of noncompliant motions, D.N.M.LR-Civ. 7.1(a). The meet and confer process "is not simply a technical hoop through which a litigant must jump. Rather, [it] is intended to reduce litigation costs and expedite the ultimate disposition of litigation by having counsel, in good faith, attempt to resolve discovery disputes before they ripen into a formal motion." *Farris v. Roberts*, CIVIL NO. 12-221 MV/LFG, 2013 WL 12164704, at *1 (D.N.M. May 3, 2013) (unpublished).

Meeting and conferring requires the parties to "deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999). The process "has an element of concurrence, simultaneous occurrence, and contemporaneousness." *Benavidez*, 319 F.R.D. at 723. It is not satisfied by the exchange of letters or emails sent days apart or "cursory and perfunctory emails or letters which simply restate each other's positions on the items of discovery." *Id.* at 723-24. The "good faith" component of Rule 37(a)(1)'s meet and confer requirement bars a party seeking discovery from filing a motion to compel production of documents that the responding party has promised to produce if production has not been unduly delayed.

*See Zuniga v. Bernalillo Cnty.*, Civ. No. 11-877 RHS-ACT, 2013 WL 12333609, at *3 (D.N.M. Jan. 10, 2013).

Plaintiff does not deny that it never sought Defendant's position on its Motion to Compel prior to filing it during the December 7, 2021, settlement conference. *See doc. 34* at 1-2; *doc. 36* at 4. Therefore, summary denial of the motion under Local Rule 7.1(a) is justified. *See* D.N.M.LR-Civ. 7.1(a). With regard to its obligations under Rule 37(a)(1), Plaintiff appears to take the position that it satisfied its meet and confer obligations with the following two communications, as identified by Defendant: (1) a November 19, 2021, email sent from Plaintiff's counsel to defense counsel the day after Defendant produced redacted documents requesting that Defendant provide a privilege log; and (2) Plaintiff's settlement conference demand letter, sent four days later on November 23, 2021. *See doc. 28* at 2-3. Having reviewed both communications, the Court finds that they are plainly insufficient to satisfy Plaintiff's meet and confer obligations.[3] Plaintiff's settlement conference demand letter does not contain any language that could be construed as an attempt to resolve any of the discovery disputes in Plaintiff's Motion to Compel and therefore cannot be deemed an attempt to meet and confer. With regard to Plaintiff's counsel's November 19, 2021, email, the Court notes that it evidences a preliminary attempt to obtain a privilege log from Defendant without filing a motion to

---

[3] The Court discusses the contents of Plaintiff's settlement conference demand letter only in general terms to preserve its confidentiality. *See doc. 21* at 4-6.

compel.  *See doc. 28-2*.  However, because Defendant subsequently promised Plaintiff's counsel that it would produce a privilege log, *see doc. 34* at 2; *doc. 36* at 4, it is troubling that Plaintiff failed to follow up with Defendant regarding its timing for producing a privilege log before it filed its motion.  Moreover, Plaintiff did not attempt to reach Defendant by telephone at any point for a simultaneous exchange of views concerning the alleged deficiencies in Defendant's discovery responses.  *See Eisenhour v. Weber Cty.*, No. 1:10-CV-00022, 2015 WL 1288149, at *1 (D. Utah Mar. 20, 2015) (stating that failure to follow up a preliminary email communicate or to contact the disclosing party by telephone fails to discharge Rule 37's meet and confer requirement); *Zuniga*, 2013 WL 12333609, at *1 & n.1 (requiring parties to conduct a telephonic conference or meet face to face to discharge their meet and confer obligations).  The Court therefore concludes that Plaintiff's Motion should be denied summarily pursuant to Rule 37 and Local Rule 7.1(a).  *See Benavidez*, 319 F.R.D. at 724.

### C. Motion for Sanctions

Plaintiff argues that the Court should sanction Defendant under its inherent authority, Federal Rule of Civil Procedure 16(f), or Federal Rule of Civil Procedure 37(c) for: (1) prior to the settlement conference, failing to produce an email from a surplus lines broker requesting that on site cleanup coverage be added to Plaintiff's policy; and (2) producing "over two thousand pages of documents late in the afternoon before the [s]ettlement [c]onference." *Doc. 31* at 1-2.  Specifically, Plaintiff requests the Court to

order Defendant to pay Plaintiff's expenses associated with its preparation for and participation at the settlement conference, including its attorney's fees, its representative's travel expenses, and its costs and fees related to the Motion for Sanctions.[4] *See id.* at 9-10.

Rule 16(f) authorizes district courts to award sanctions for a party's failure to participate in good faith in a settlement conference, while Rule 37(c) authorizes courts to sanction parties' failure to perform their initial and supplemental disclosure obligations under Rules 26(a) and (e). Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(c). The Court may also "impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs," *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002), "even if procedural rules exist which sanction the same conduct," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991). However, sanctioning a party for misconduct pursuant to the Court's inherent authority is disfavored where the Federal Rules of Civil Procedure provide adequate sanctions for such conduct. *See id.* at 50. The Court does not find cause to impose sanctions under Rule 16(f) or Rule 37(c) and so finds no cause to sanction Defendant under its inherent authority.

---

[4] Although the Motion for Sanctions also requests that the Court preclude Defendant from relying on the documents that precipitated the motion, *doc. 31* at 2, Plaintiff's counsel withdrew Plaintiff's request for a preclusion sanction at the Motions Hearing, *doc. 45* at 4.

The purpose of a court's authority to impose sanctions under Rule 16(f) is to "insure not only that lawyers and parties refrain from contumacious behavior … but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial. *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc). Because the "primary focus of … Rule 16 is on the mechanics of pretrial conferences and scheduling," *id.*, the purpose of sanctions under Rule 16(f) is primarily remedial, *see Schwartzman, Inc. v. ACF Indus., Inc.*, 167 F.R.D. 694, 699 (D.N.M. 1996); *In re Mediation in Health Diagnostic, Lab'y, Inc.*, Misc. Case No. 3:17-MC-4, 2018 WL 524711, at *3 (E.D. Va. Jan. 23, 2018).

Although finding that a party acted in bad faith is not necessary to justify sanctions under Rule 16(f), *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018), the Court nevertheless notes, as a preliminary matter, that the timing of Defendant's supplemental discovery responses does not indicate that Defendant acted in bad faith. Defense counsel failed to produce the large set of documents at issue earlier because it only received them on December 6, 2021, the day prior to the settlement conference, in response to a subpoena. *See doc. 35* at 2; *doc. 38-1*. Moreover, although Defendant did not produce the email from the surplus lines broker until after the settlement conference, defense counsel notified Plaintiff's counsel of the general contents of this email on November 23, 2021, the same day it learned about it. *See doc. 35* at 3; *doc.* 43 at 4; *doc. 38-5* at ¶ 12. Defendant was unable to produce the email at issue

13

immediately after receiving it because it needed to convert the emails returned in response to its subpoena to PDF format for security reasons. *See doc. 35* at 3; *doc. 38-5* at ¶¶ 8-10. Even if Defendant's explanation concerning its failure to produce the surplus lines broker's email earlier than December 24, 2021—the day it served all of the surplus lines broker's subpoena responses on Plaintiff, *see doc. 38-5* at ¶¶ 10-11—is not completely satisfactory, there is no direct causal link between any sanctionable conduct on the part of Defendant and the parties' inability to engage in productive settlement negotiations on December 7, 2021. There were multiple discovery issues that impeded the parties' negotiations at the settlement conference, and Plaintiff's rejection of Defendant's offer to postpone the settlement conference in the midst of those discovery issues, *see doc. 35* at 4; *doc. 45* at 3, could also be viewed as conduct that precipitated the failure of the December 7 settlement conference.

Ultimately, it does not matter which party is more at fault for the failure of the initial settlement conference because the Court has set a second settlement conference and extended the parties' discovery and other pretrial deadlines by four months. *See doc. 30; doc. 41.* Plaintiff now has additional time to review the documents at issue in its sanctions motion, and Plaintiff will benefit at the second settlement conference from its preparations for the first one. Therefore, the remedial purpose of Rule 16(f) would not be served by assessing sanctions against Defendant.

Rule 37(c)(1) provides that sanctions may not be imposed if a disclosing party's failure to supplement or disclose information was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). For the reasons stated above, the Court has determined that Defendant's failure to disclose the surplus lines broker's emails more rapidly was harmless. *See Herrera v. Berkley Reg'l Ins. Co.*, No. CV 20-142 CG/GBW, 2021 WL 517091, at *5 (D.N.M. Feb. 11, 2021) (declining to impose sanctions under Rule 37 where "the inaccuracy at issue was corrected during discovery"). Sanctions under Rule 37 are also not warranted.

### IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Deem Admitted Requests for Admissions (*doc. 25*) and Motion for Sanctions (*doc. 31*) are DENIED with prejudice. To the extent Plaintiff's Motion to Compel (*doc. 28*) requests that the Court find a waiver of the privileges and protections asserted in Defendant's privilege log based on the timeliness of its disclosure, it is DENIED with prejudice. Otherwise, it is DENIED without prejudice.

Considering the matter of assessing fees and costs for these motions, the Court concludes that the failures of communication that created the disputes were not solely the fault of one side or the other. Consequently, the Court finds that the award of expenses would be unjust.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE